**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 26-8338-JFW(CTSx)** Date: October 2, 2026

Title: Hugo Gallardo, et al. *-v-* Victoria's Secret Stores, LLC, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING PLAINTIFFS' MOTION TO REMAND CASE TO STATE COURT [filed 8/28/2026; Docket No. 18]**

On August 28, 2026, Plaintiffs Hugo Gallardo and Brittany Amacker (collectively, "Plaintiffs") filed a Motion to Remand Case to State Court. On September 14, 2026, Defendant Victoria's Secret Stores, LLC ("Defendant") filed its Opposition, and, on September 23, 2026, filed a Notice of Errata Regarding Opposition to Plaintiffs' Motion to Remand, along with a corrected Opposition. On September 21, 2026, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 5, 2026 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that they were non-exempt, hourly employees of Defendant in the State of California. Complaint ¶¶ 3-4. On May 11, 2026, Plaintiffs, on behalf of themselves and all persons similarly situated, filed a Complaint against Defendant in Los Angeles County Superior Court, alleging the following claims for relief: (1) unfair competition in violation of Cal. Bus. & Prof. Code § 17200; (2) failure to pay minimum wages in violation of Cal. Lab. Code §§ 1194, 1197; (3) failure to pay overtime wages in violation of Cal. Lab. Code § 510; (4) failure to provide required meal periods in violation of Cal. Lab. Code §§ 226.7 and 512 and the applicable IWC Wage Order; (5) failure to provide required rest periods in violation of Cal. Lab. Code §§ 226.7 and 512 and the applicable IWC Wage Order; (6) failure to reimburse employees for required expenses in violation of Cal. Lab. Code § 2802; (7) failure to provide wages when due in violation of Cal. Lab. Code §§ 201, 202, and 203; and (8) failure to pay sick pay wages in violation of Cal. Lab. Code §§ 201-203,

233, 246. Plaintiffs allege that "[t]he amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00). Complaint ¶ 5.

On July 29, 2026, Defendant timely removed this action, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). Defendant estimates that the amount in controversy substantially exceeds $5 million based on payroll and employment data, along with assumptions based on the allegations of Plaintiffs' Complaint. Second Supplemental Declaration of Kristin Oimas (Docket No. 36) ¶¶ 2-5 (revising certain payroll and employment data, and estimating that the amount in controversy exceeds $22 million).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Removal of a state action to federal court is appropriate only if the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Under CAFA, the Court has original jurisdiction of any civil action in which (1) the putative class contains at least 100 members; (2) minimal diversity exists; and (3) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating System Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A defendant seeking to remove a case under CAFA need only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A defendant's good faith allegation that the amount in controversy exceeds the $5 million CAFA jurisdiction threshold will suffice unless challenged; however, if challenged, Defendant bears the burden of proving the propriety of federal court jurisdiction by "a preponderance of the evidence." *Dart Cherokee*, 574 U.S. at 87-88.

"The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (cleaned up). However, the defendant's showing on the amount in controversy may also rely on "reasonable assumptions based on the plaintiff's complaint." *Perez v. Rose Hills Co.*, 131 F.4th 804, 806 (9th Cir. 2025). "While those assumptions cannot be pulled from thin air, they can be founded on the allegations of the complaint and do not necessarily need to be supported by evidence." *Id.* at 808. "As is inescapable at this early stage of the litigation, the removing party must be able to rely on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million, as long as the reasoning and underlying assumptions are reasonable." *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022). The district court must determine, then, whether the defendant's violation-rate assumptions are based on a "reasonable interpretation of the complaint." *Perez*, 131 F.4th at 809. In so doing, district courts should bear in mind that an assumption "is not unreasonable simply because another equally valid assumption" may be drawn from the complaint. *Id.*

 Initials of Deputy Clerk jloz

## III. DISCUSSION

Plaintiffs move for remand pursuant to 28 U.S.C. § 1447 on the grounds that Defendant has failed to prove by a preponderance of the evidence that the total amount in controversy exceeds the sum of $5,000,000 as required for jurisdiction under CAFA. The Court has considered the moving, opposing, and reply papers and disagrees. Defendant's estimates are premised on reasonable assumptions, and the Court concludes that Defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

In their Complaint, Plaintiffs allege that "as a matter of established company policy and procedure, DEFENDANT administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFFS and CALIFORNIA CLASS MEMBERS, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFFS and CALIFORNIA CLASS MEMBERS are paid less than they would have been paid had they been paid for actual time recorded rather than 'rounded' time." Complaint ¶ 9. Because all putative class members presumably clocked in and out for each shift during the class period (and for each meal period taken), it is reasonable to assume that Plaintiffs allege that each putative class member suffered at least one violation during their employment and, as a result, that all putative class members, including all former associates, are owed some amount of wages, however small, for the allegedly uncompensated time due to rounding. Importantly, Plaintiffs "demand thirty days of pay as [a] penalty for not paying all wages due at termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD [i.e., May 11, 2023 to present]." Complaint ¶¶ 35, 105. Accordingly, based on Plaintiffs' allegations, it is reasonable to assume that every employee who was discharged or quit had at least some alleged unpaid wages and thus would be entitled to waiting time penalties under California Labor Code § 203 if Plaintiffs prove their allegations. *See, e.g., Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (reasonable for defendant "to assume that the vast majority (if not all) of the alleged violations over the four years at issue in this case would have happened more than 30 days before the suit was filed, which would entitle the employees to the 30-day penalty."); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *2 (C.D. Cal. Nov. 1, 2018) ("[A]llegations of unpaid wages are implicit allegations of maximum damages for waiting time penalties."); *Mariscal v. Arizona Tile, LLC*, 2021 WL 1400892, at *3 (C.D. Cal. Apr. 14, 2021) (holding it appropriate to assume every terminated class member "was owed but not paid at least some of their wages at termination and accrued 30 days of waiting time penalties based on those unpaid wages.").

Plaintiffs bring their Section 203 claim, which has a 3-year statute of limitations, on behalf of a CALIFORNIA LABOR SUB-CLASS defined as all members of the putative class who are or were previously employed by Defendant within three (3) years prior to the filing of the Complaint (i.e., from May 11, 2023). Complaint ¶ 35. Defendant submitted evidence that there are at least 10,659 former putative class members who separated their employment during the three-year statute of limitations period – 498 former full-time associates and 10,161 former part-time associates. Second Supplemental Declaration of Kristin Oimas (Docket No. 36) ¶¶ 2-3. In addition, over the relevant three-year period, the lowest annual average hourly rate for Defendant's full-time putative class members is $27.48 and they worked a minimum of 6 hours per day. *Id.* at ¶ 4; Supplemental Declaration of Kristin Oimas (Docket No. 26) ¶¶ 5, 10. The lowest annual average hourly rate for Defendant's part-time putative class members is $17.87 and they worked a minimum of 4 hours per day. Second Supplemental Declaration of Kristin Oimas (Docket No. 36) ¶ 4; Supplemental

Declaration of Kristin Oimas (Docket No. 26) ¶¶ 5, 11. Accordingly, the Court concludes that Defendant has demonstrated by a preponderance of the evidence that the amount in controversy for waiting time penalties under Section 203 (exclusive of interest) is at least $22,857,160 [(10,659 former California non-exempt associates) x (4 hours - the minimum worked per day for a part-time or full time associate) x $17.87 (the lowest annual average hourly rate for part-time associates (which is much lower than full-time) x (30 days) = $22,857,160]. Without even considering future recoverable attorneys' fees, it is clear that the amount in controversy is well in excess of $5,000,000.[1]

## IV. CONCLUSION

Because Defendant's violation-rate assumptions were based on a reasonable interpretation of the Complaint, the Court concludes that Defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Plaintiffs' Motion to Remand Case to State Court is **DENIED**.

IT IS SO ORDERED.

---

[1]To the extent Plaintiffs argue that they are entitled to a presumption that the amount in controversy is less than $5,000,000 simply because they alleged as such in their Complaint, the Court rejects that argument. "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). Plaintiffs' Complaint, however, does not demand monetary relief of a stated or specific sum, but merely asserts that the aggregate amount in controversy is less than $5,000,000. *See Franklin v. Home Depot U.S.A., Inc.*, 2025 WL 1983036, at *5 (N.D. Cal. July 17, 2025). In any event, such an assertion, without any supporting factual allegations and in the face of Defendant's contrary evidence, does not constitute a good faith allegation. *Montes v. Hyatt Corp.*, 2026 WL 2028914, at *3 (S.D. Cal. July 13, 2026).